## MURPHY v. BENNETT.

(Supreme Court, Appellate Division, Third Department. December 2, 1896.)

MASTER AND SERVANT—FACTORY ACT—EMPLOYMENT OF CHILDREN.

    A boy employed by the owner of a planing mill to remove boards from a pile of lumber in the yard of a lumber dealer, one-fourth of a mile from the mill. is not employed in a "manufacturing establishment," within Laws 1892, c. 673, forbidding such employment of any child under a certain age, so as to render his employer liable ipso facto for injuries received in the course of his work, though he had previously been employed in the mill.

Appeal from trial term, Albany county.

Action by Daniel Murphy, an infant, by Eliza Smith, his guardian ad litem, against John Bennett, for personal injuries to such infant caused by defendant's negligence. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and HERRICK, MERWIN, and PUTNAM, JJ.

Thomas S. Fagan, for appellant.

W. F. Rathbone (Lewis E. Carr, of counsel), for respondent.

HERRICK, J. This is an appeal from a judgment rendered upon a verdict in favor of the plaintiff, and against the defendant, and from an order denying a motion for a new trial. The complaint is one charging negligence against the defendant. The plaintiff is an

infant, under the age of 14 years. The defendant, at the time of the accident, was operating a planing and sawing mill, and had about 50 persons in his employment. The plaintiff, under the employment of the defendant, was engaged in removing boards from a pile of lumber to be brought to the mill, to be there sawed or planed; and, while so doing, he having in his hand a board, a gust of wind struck the board, and caused the plaintiff to fall from the pile of lumber, whereby his arm was broken, and his back injured. At the close of the evidence, the trial court held, in substance, that the plaintiff being under 14 years of age, and employed by the defendant, and being accidentally injured in the course of that employment, the only question for the jury was one of damages. This ruling of the court was made under the so-called "Factory Act." I do not think that the factory act is applicable to the facts in this case, and that, therefore, the judgment should be reversed.

Section 2 of chapter 409 of the Laws of 1886 (commonly called the "Factory Act"), as amended by chapter 560 of the Laws of 1889, and chapter 673 of the Laws of 1892, provides as follows:

"No child under fourteen years of age shall be employed in any manufacturing establishment within this state."

And, by chapter 673 of the Laws of 1892 (section 17), manufacturing establishments are defined as follows:

"The word 'manufacturing establishments,' whenever used in this act, shall be construed to mean any mill, factory or workshop where one or more persons are employed at labor."

This statute, being in derogation of the common law, must be strictly construed. At the time of the accident, the plaintiff was not employed in any mill, factory, or workshop. He had been employed for about two weeks in the planing mill of the defendant. On the Saturday before the happening of the accident, he was told by the foreman, boss, or manager of the defendant that he must go out in the lumber district, and work there, or else go home. On the following Monday, he was told the same thing; and, upon his saying that he did not want to go, he was told he would either have to go to work there or go home. That portion of the district where he was engaged in working at the time of the accident was in the yard of a lumber dealer, distant about a quarter of a mile from the defendant's mill. It must be obvious from the reading of the statute that persons who are engaged in manufacturing business, and who have mills, factories, or workshops, are not prohibited from employing children under the age of 14 years in any capacity or place; they are simply prohibited from employing them in such mills, factories, or workshops. In employing them as messenger boys outside of such mill or workshop, or in any capacity which does not bring them in course of their employment within such mill, factory, or workshop, and does not subject them to the dangers or unhealthfulness of such employment, which the act was passed to protect them against, neither the letter nor spirit of the act is violated. The employment of the plaintiff by the defendant at the time of the happening of the accident was of the latter kind. He was informed that he must work out of doors, or go home, thus forbidding him to work in the mill.

The case having been decided upon the theory that, at the time of the happening of the accident, the plaintiff was in the employ of the defendant, in violation of the section of the factory act referred to, the judgment, for that error, must be reversed, and a new trial granted; costs to abide the event.   All concur.